**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4478**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROBERT L. POAG,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.   (3:05-cr-00395-REP-1)

Submitted:  July 16, 2010              Decided:   July 26, 2010

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Valencia
Roberts-Brower, Assistant Federal Public Defender, Caroline S.
Platt, Research and Writing Attorney, Richmond, Virginia, for
Appellant.   Neil H. MacBride, United States Attorney, Angela
Mastandrea-Miller, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Robert L. Poag appeals his twenty-four month sentence imposed on revocation of supervised release. Poag argues that the sentence imposed is plainly unreasonable because the district court did not adequately explain its decision to depart from the Guidelines range and because his sentence is disproportionately high compared to others similarly situated. The Government responds that the district court's sentence is not unreasonable. We affirm

In United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006), we held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those [18 U.S.C.] § 3553(a) (2006) factors applicable to supervised release revocation sentences." Although the district court must consider the Chapter Seven policy statements and the applicable requirements of 18 U.S.C. §§ 3553(a), 3583(e) (2006), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citation omitted). A sentencing court must provide a "statement of reasons for the sentence imposed." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (probation revocation). However, the court need not "robotically tick through § 3553(a)'s every subsection," or

"explicitly discuss every § 3553(a) factor on the record." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Our review of the record in this case convinces us that the district court adequately considered and explained its reasons for the sentence, and that sentence is neither procedurally nor substantively unreasonable. See United States v. Finley, 531 F.3d 288, 297 (4th Cir. 2008) (applying Gall v. United States, 552 U.S. 38 (2007), in reviewing a sentence to determine whether it is plainly unreasonable). Moreover, the sentence imposed does not reflect an undue disparity as to similarly situated defendants. Rather, the court opted to depart due to Poag's multiple supervised release violations and his squandering of the prior drug treatment opportunity offered by the court. The decision to upwardly depart in these circumstances was not plainly unreasonable.

We therefore affirm Poag's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3